## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Dana Lockett aka Lockett-Smith<br>    Debtor | CHAPTER 13 |
| PENNSYLVANIA HOUSING FINANCE AGENCY<br>    Movant<br>vs. | NO. 17-13033 MDC |
| Dana Lockett aka Lockett-Smith<br>    Debtor<br>Karl Smith<br>    Co-Debtor | 11 U.S.C. Sections 362 & 1301 |
| William C. Miller, Esquire<br>    Trustee | |

### STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The February 19, 2021 Order is hereby vacated, and the Stay is reinstated as to Movant and the Property located at 5615 Arlington Street, Philadelphia, PA 19131.

2. The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is **$12,363.85** which breaks down as follows:

| | |
|---|---|
| Post-Petition Payments: | April 2020 to November 2020 at $955.00/month<br>December 2020 to April 2021 at $944.77/month |
| **Total Post-Petition Arrears** | **$12,363.85** |

3. The Debtor shall cure said arrearages in the following manner:

    a). Within fourteen (14) days of the Court approving the filing of this Stipulation, Debtor shall make a payment in the amount of **$12,363.85**, curing all post-petition arrears.

4. Beginning with the payment due May 1, 2021 and continuing thereafter, Debtor shall pay to Movant the present regular monthly mortgage payment of $944.77 (or as adjusted

pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month).

5. Should Debtor provide sufficient proof of payments made, but not credited (front & back copies of cancelled checks and/or money orders), Movant shall adjust the account accordingly.

6. In the event the payment under Section 3 above is not tendered pursuant to the terms of this stipulation, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting Movant immediate relief from the automatic stay and waiving the stay provided by Bankruptcy Rule 4001(a)(3).

7. In the event the payments under Section 4 above are not tendered pursuant to the terms of this stipulation, Movant shall notify Debtor and Debtor's attorney of the default in writing and the Debtor may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor should fail to cure the default within fifteen (15) days, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting Movant immediate relief from the automatic stay and waiving the stay provided by Bankruptcy Rule 4001(a)(3).

8. If the case is converted to Chapter 7, Movant shall file a Certification of Default with the Court and the Court shall enter an order granting Movant relief from the automatic stay.

9. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

10. The provisions of this stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

11. The parties agree that a facsimile signature shall be considered an original signature.

Date:  April 23, 2021                By: /s/ Rebecca A. Solarz, Esquire
                                     Attorney for Movant

Date: 4/26/21

                                     ~~Brad J. Sadek,~~ Esquire
                                     Attorney for Debtors

                                     No Objection - Without Prejudice to Any
                                     Trustee Rights or Remedies
Date:  April 27, 2021                /s/ LeeAne O. Huggins

                                     William C. Miller, Esquire
                                     Chapter 13 Trustee


Approved by the Court this ___ day of _____, 2021. However, the court retains discretion regarding entry of any further order.


                                     _____
                                     Bankruptcy Judge
                                     Magdeline D. Coleman